247 F.Supp. 21 (1965)
Lester KRAFT and Alva C. KRAFT, Plaintiffs,
v.
BOARD OF EDUCATION FOR the DISTRICT OF COLUMBIA, Defendant.
Civ. A. No. 1997-64.
United States District Court District of Columbia.
October 28, 1965.
*22 John R. Foley, Washington, D. C., for plaintiffs.
William F. Patten, Asst. Corp. Counsel for the District of Columbia, for defendant.
HOLTZOFF, District Judge.
This is an action brought by the proprietors of an educational institution in the District of Columbia known as the National Art Academy against the Board of Education of the District of Columbia to set aside an order issued by the Board revoking the license of the National Art Academy to confer the degree of Bachelor of Fine Arts.
By the District of Columbia Code, Title 29, Sections 416 to 419, the Board of Education is authorized to issue licenses to educational institutions to confer degrees. No such institution may confer a degree unless it receives an appropriate license. The Board is also granted the authority to revoke a license once issued for failure to comply with the requirements of the statute. This statute was originally contained in the 1901 Code of the District of Columbia and was amended in 1929.
*23 The salient facts are that in 1951 the Board of Education issued a license to the National Art School, later renamed National Art Academy, to confer the degree of Bachelor of Fine Arts. Some years later a proceeding was instituted before the Board to revoke the license for failure to comply with the statutory requirements governing the granting of degrees. A preliminary investigation was conducted by a committee of the Board. Subsequently formal hearings were held and testimony taken and other evidence introduced before the entire Board of Education. The Board then made findings of fact indicating failure on the part of the school to comply with the standards prescribed by law, and the proceeding terminated by an order issued by the Board revoking the plaintiff's license to confer the degree of Bachelor of Fine Arts. The present action is an attempt to review and set aside the order of the Board.
The first and basic question of law to be determined is the scope of judicial review. The pertinent statutory provision, District of Columbia Code, Section 29-417, reads as follows:
"[A]ny party aggrieved by the action of said board in refusing to license or in revoking a license previously granted may have the action of the said Board of Education reviewed by the United States District Court for the District of Columbia at an equity term thereof."
It is claimed by counsel for the plaintiffs that this provision should be construed as providing, in effect, for a trial de novo before the Court or, in any event, as empowering the Court to review the weight of evidence, as well as questions of law. The Corporation Counsel contends that this statute should be interpreted as conferring upon the Court the power to conduct the usual limited review of administrative action, namely, to determine whether there is any error of law, whether the findings of fact are supported by substantial evidence, and whether the action of the administrative agency is arbitrary or capricious. One of the bases for the contention of counsel for the plaintiff is that the statutory provision to which reference has just been made is somewhat broader and phrased differently than the usual statute providing for judicial review of administrative action. It must be borne in mind that the statute involved in this case was drawn prior to the time when Congress began to enact a great many statutes relating to administrative agencies and before the present phraseology of such statutes became crystalized.
Reverting to the phraseology of the statute, which provides that any party aggrieved may have the action of the Board reviewed by the Court "at an equity term thereof" we must again bear in mind that the statute was enacted in an era when there was a procedural distinction between law and equity. That distinction was abolished in 1938 by the Federal Rules of Civil Procedure, which have the effect of statutes. Within the past several years terms of Court were likewise abolished and therefore have no significance. Therefore, there is no legal significance to the phrase in the statute "at an equity term". All it means is that the review shall be in a civil non-jury branch of the Court, which goes without saying.
In this respect this statute differs from some of the other local statutes which have been construed as conferring on the Courts the power of a broader review. Counsel for the plaintiff referred to Potomac Electric Power Co. v. Public Utilities Commission of the District of Columbia, 51 App.D.C. 77, 276 F. 327, which involved a proceeding to review the findings of the Public Utilities Commission as to the value of the property of the Potomac Electric Power Company as a basis for rate making. In that case, however, the statute under which the proceeding was brought provided that it should be tried and determined as are equity proceedings in said courts. In addition to that, the statute *24 placed upon the party adverse to the Commission the burden of proof to show, by clear and satisfactory evidence, that the order or finding was inadequate, unreasonable or unlawful. Naturally, this provision contemplated the introduction of evidence before the Court and therefore, in effect, a trial de novo. The Court concluded that it was the duty of the Court to exercise its own independent judgment as to both law and facts. This analysis of the decision clearly indicates that it is not applicable to the case at bar.
Another case on which counsel for the plaintiffs relied is District of Columbia v. Pace, 320 U.S. 698, 64 S.Ct. 406, 88 L.Ed. 408, which related to the scope of review of the decisions of the then Board of Tax Appeals for the District of Columbia. The statute in question provided that the findings of fact by the Board shall have the same effect as a finding of fact by an equity court or a verdict of a jury. It will be noted that this is entirely different from the usual provisions for judicial review of an administrative decision. The Supreme Court held that since the findings of fact made by the Board had the same effect as a finding of fact by an equity court, the District Court in reviewing the decision of the Board of Tax Appeals had a right to set aside the findings of fact if clearly erroneous, as was the practice in cases tried by the Court without a jury. Again, the peculiar phraseology of the statute makes that case inapposite.
Finally, there is the decision in Jordan v. American Eagle Fire Insurance Co., 83 U.S.App.D.C. 192, 198, 200, 169 F.2d 281. In that case there was involved an action to review a rate-making ruling of the Superintendent of Insurance. The applicable statute provided that any person aggrieved might contest the validity of the order in any court of competent jurisdiction by appeal or through any other appropriate proceedings. The Court of Appeals held that the phrase "contest the validity" meant to test the validity in any or every respect in which the order might be invalid, and that included, in turn, the right to explore the evidence upon which the Superintendent acted, and also that the right to contest included the right to present evidence. It will be observed that in each instance in which a broader scope of review of administrative action was permitted, the pertinent statute was phrased in a different manner than is true of the statute in the instant case or other statutes providing for judicial review of administrative action.
The Court concludes, therefore, that the usual limitations on the scope of review of administrative actions are here applicable, namely, that the Court has power to consider whether the Board of Education was guilty of any error of law, whether its findings of fact are supported by substantial evidence, and whether its decision was arbitrary or capricious. The Court may not review the weight of evidence however, and reach an independent conclusion on the basis of the evidence presented at the hearing before the Board.
This brings us to the next question of law raised by the learned counsel for the plaintiffs, and that is whether the statute is constitutional. Title 29, Section 415 of the District of Columbia Code, which authorizes the Board of Education to license educational institutions to confer degrees, confers upon the Board the authority to require satisfactory evidence along certain specified lines. Counsel calls attention to the fact that the statute provides that the Board "may require satisfactory evidence" and not that it shall require. It is argued that the word "may" confers an unbridled discretion on the Board in that it may require such evidence from some applicants and not from others. If so construed, the statute is contended to be discriminatory and unconstitutional. It is well established, however, that the word "may" can be at times construed to mean "shall", just as the word "shall" may be construed to mean "may". The *25 interpretation of those words depends upon the context in which they are used and the intention of the legislative body as is shown by the statute and as may be gleaned from committee reports and similar authoritative sources.
Thus, in the case of United States ex rel. Holzendorf v. Hay, 20 App.D.C. 576, 579, it was said by Mr. Justice Shepard, an eminent member of the bench in his day:
"Whilst signification of `may' in the construction of a statute is ordinarily permissive, it is quite true that it will be regarded as bearing the ordinary sense of `must' and `shall' when it can be seen that the real intention of the legislature was to impose a duty and not to confer discretionary power. In other words, whether the word shall be treated as permissive or mandatory depends upon what may be ascertained to be the general intent and purpose of the statute."
This Court construes the word "may" as having a mandatory significance and not as conferring upon the Board the choice whether to require proof or not before granting a license. The Court holds that it is incumbent and mandatory upon the Board to require the submission of evidence to show that the requirements of the statute are met.
The same section lays down certain criteria with which the institution must comply as a basis for power of granting degrees. This brings us to the question whether there is substantial evidence sustaining the findings of fact of the Board to the effect that compliance was lacking.
The Board, as heretofore stated, has held prolonged hearings at which evidence was introduced by both sides, consisting of oral testimony of many witnesses, as well as numerous exhibits. The Board made specific findings of fact showing failure to comply with some of the statutory requirements and standards prescribed by the statute and ultimate findings of fact, which are erroneously labeled conclusions of law, to the effect that there was a failure to comply.
The evidence which has been read and weighed by the Court is sufficient to sustain the findings of fact. The evidence must, of course, be considered from the standpoint most favorable to the Board. The Court does not weigh the evidence on both sides but merely determines whether there was sufficient evidence to support the findings. The Court reaches the conclusion that there was.
It must be observed that the evidence indicates that the school, although called the National Art Academy, is really a school for the teaching of commercial art and design. This remark is not intended as a reflection on the school because commercial art and design are subjects that are susceptible of being taught, and persons desiring to enter into this occupation can well profit by such instruction. The Court refers to the fact merely as an indication that the range of instruction conducted by the school is very narrow. It should be observed also that there are a number of schools in various branches of learning located in the District of Columbia, all of which are worthy institutions, but for one reason or another are bereft of the power to grant degrees. The revocation of the power to grant the degree of Bachelor of Fine Arts is not to be taken as an indication that the school is not doing satisfactory or constructive work. It merely does not reach the high standard or serve the high purposes of educational institutions that have the power to confer degrees.
In the light of these considerations the Court will sustain the action of the Board of Education.
Accordingly, judgment will be rendered for the defendant dismissing the complaint on the merits. You may submit an order accordingly. A transcript of this oral ruling will constitute the findings of fact and conclusions of law.